Larremore, J.
This is not a difficult case to dispose of, or one requiring further examination. I still retain the same impression that I had at the close of the testimony. It is evident that the relations between Johnston and Gawtry were of a very intimate and confidential character, prior to the assignment of the Adams mortgage. Money was loaned by the one to the other without any promise or expectation of having security, and the security subsequently given was entirely at the suggestion of Mr. Gawtry himself, for the protection of his friend, who had intrusted him with so large an amount of money. The mortgage given by Mr. Adams was a purchase-money mortgage of property conveyed to him by Gawtry, and did not come from the ad *193 vanees made by Johnston. It was included among the mortgages that were assigned by Gawtry to Johnston for the latter’s protection, in case of any sudden emergency. The assignment of Johnston was put upon record, but was never delivered and never accepted by him. Therefore, as between him and innocent third parties, it had no legal inception. There was no delivery at the time when the plaintiff parted with his money in the purchase of the mortgage in question. Mr. Adams stands before the court as an innocent party who, without notice, had procured an assignment of this mortgage. The plaintiff, Mr. Brown, stands in the same position. He comes before the court and asks to have this first assignment removed as a cloud upon his title. It is evident that Mr. Johnston knew nothing of his assignment until long after the assignment of the mortgage to Mr. Brown, and only knew of it then when he was told. I think the correspondence between the parties explains the whole matter, and shows that Mr. Gawtry was making these assignments merely as collateral security, for Mr. Johnston’s benefit, in case of any misfortune that might happen. It is the mission of equity, where the law is defective, to correct it, and, it seems to me, this is a proper case for the application of the rule.
Where a party, in good faith, and without knowledge of another’s claim, has, for a valuable consideration, acquired title to the thing in dispute, his right should be sustained. If there is any loss resulting from Mr. Johnston’s excessive confidence in Mr. Gawtry, Mr. Johnston shoúld be the one to bear it.
I cannot see that there is any ground upon which the court can be asked to sustain the first assignment. The money has been paid by the plaintiff, and the evidence shows that the proceeds of the $15,000 were invested in other property which was subsequently conveyed to Mr. Johnston. That testimony is undis *194 puted. That being so, then the doctrine of equitable estoppel applies.
The first assignment lacked the three elements necessary to give it validity, namely: delivery, acceptance and consideration ; and plaintiff’s assignment intervening these, is entitled to the superior equity.
As to the statutory notice by record, that is intended for a bona fide purchaser or incumbrancer acting in good faith, and I cannot hold, under the state of facts before me, that Mr. Johnston is either. I think the rule of superior equity is in favor of the plaintiff, and that he should have the relief asked for in his complaint.